UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VENTIVE, LLC,<br><br>                 Plaintiff,<br><br>v.<br><br>CARING PEOPLE, LLC, a limited liability company organized under the laws of Florida, (now d/b/a HannaKaylie, LLC); and CARINGONDEMAND, LLC, a limited liability company organized under the laws of Delaware, and AVIOR SCIENCES, LLC, a limited liability company organized under the laws of Delaware,<br><br>                 Defendants. | Case No. 1:18-cv-00120-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court are Defendants Caring People, LLC, and CaringOnDemand, LLC's (hereinafter referred to collectively as "Defendants"), First and Second Motions to Dismiss. Dkt. 6; Dkt. 21. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court finds good cause to DENY both Motions.

# II. BACKGROUND

This Court recounted the background of this dispute in its previous order. Dkt. 16,

at 1-3. The Court now incorporates that background in full by reference. On March 28, 2018, Defendants filed their First Motion to Dismiss. On May 8, 2018, this Court entered an order staying the case pending the resolution of the Florida action. On June 22, 2018, the United States District Court for the Southern District of Florida ("Florida court") issued an order in the Florida action compelling arbitration. That court "decline[d] to decide the question of the appropriate forum for arbitration," and closed the case. *CaringOnDemand, LLC v. Ventive LLC*, No. 18-cv-80211-BLOOM/Reinhart, 2018 WL 3093543, at *3-5 (S.D. Florida June 22, 2018).

This Court lifted its stay on June 28, 2018. On July 6, 2018, Defendants filed their Second Motion to Dismiss the Idaho action, arguing that the collateral attack doctrine bars any relief Plaintiff seeks—including the appointment of an arbitrator—and that this Court lacks jurisdiction over the dispute. However, in subsequent filings, Defendants reversed their position and joined Plaintiff's request for this Court to appoint an arbitrator. Dkt. 24, at 4 ("Notwithstanding the Collateral Attack Rule, Defendants Join in the Pending Request for Appointment of an Arbitrator . . . Because of the practical realities arising from the Florida court's refusal to act, Defendants will join with Ventive in this request.") (capitalization in original).

### III. ANALYSIS

1. *First Motion to Dismiss*

Defendants' First Motion to Dismiss raises two arguments: first, Defendants argue that the first-to-file rule warrants dismissal, and second, they argue that Plaintiff failed to

join an indispensable party. This Court previously considered Defendants' first-to file argument, and—after considering the nature of the case and the related litigation in Florida—determined that a stay was warranted, rather than dismissal. Dkt. 16, at 3-5.

The Court, however, has not yet addressed Defendants' second argument. The contract underlying this dispute involves four parties: Ventive, LLC, Caring People, LLC, CaringOnDemand, LLC, and Avior Sciences, LLC ("Avior"). Plaintiff failed to initially join Avior as a defendant due to the mistaken belief that Avior was "an assumed name or DBA of CaringOnDemand, LLC." Dkt. 10, at 10. In its response to Defendants' First Motion to Dismiss, Plaintiff said it intended to join Avior as a party. However, it never did so. As such, the Court must now determine whether Avior is a necessary party.

Pursuant to the Federal Rules of Civil Procedure, a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Under Rule 19(a)(1)(A), the Court must determine whether the absence of a party "would preclude the district court from fashioning meaningful relief as between the parties." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

Plaintiff's Complaint originally sought "an order from the Court compelling arbitration . . . and appointing an arbitrator." Dkt. 1-4, at 2-3. Because the Florida court has already entered a valid order compelling arbitration, this Court must simply determine whether it may properly appoint an arbitrator.

The Court's primary concern as it relates to this request is the potential conflict

such an appointment could cause if Avior is not joined as a party in this case. Avior is a party to the contract underlying this dispute and was a party in the Florida action. As such, Avior is subject to the Florida court's order compelling arbitration. However, the Court fears appointing an arbitrator now will simply spawn additional litigation over whether Avior is required to accept the arbitrator this Court selects. Clearly, such a situation would prevent this Court's appointment of an arbitrator from serving as meaningful relief for the existing parties. Instead, it would simply add an additional layer of conflict and confusion to the case.

For similar reasons, Rule 19(a)(B)(ii) also supports a determination that Avior is a necessary party. That rule states that a party is necessary if it:

> [C]laims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(B)(ii).

This rule "focuses on whether the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Disabled Rights Action Comm.*, 375 F.3d, at 880. Most concerning here is the possibility that the existing parties would incur multiple or inconsistent obligations if Avior refused to participate with the Court's appointed arbitrator. Rather than risk such a scenario, the Court finds the best course of action would be simply joining Avior as a party defendant. While

Defendants' motion sought dismissal due to the failure to join Avior as a party, such a step is not necessary if Avior can be joined now. *See Bennett v. Islamic Rep (In re Estate of Bennett)*, 825 F.3d 949, 965 (9th Cir. 2016) (finding dismissal of a case is not required when a necessary party can be joined).

Joinder is possible if Avior is subject to service of process and will not deprive the Court of subject-matter jurisdiction. Fed. R. Civ. P. 19(a)(1). This case was removed to federal court based on diversity of citizenship. Ventive, LLC is incorporated under the laws of Idaho, with its principal place of business in Idaho. Caring People, LLC, is incorporated under the laws of Florida, with its principal place of business in Florida. CaringOnDemand, LLC, is incorporated under the laws of Delaware, with its principal place of business in Florida. Avior is incorporated under the laws of Delaware, with its principal place of business in Florida. *See* Dkt. 1-3, at 2. Accordingly, joining Avior will not deprive the court of subject-matter jurisdiction.

The Court may also exercise personal jurisdiction over Avior in this matter because Avior agreed to arbitrate certain disputes in Idaho. The arbitration clause at issue in this case states:

> This Agreement will be construed in accordance with the laws of Florida as applied to a contract to be fully performed therein and without reference to laws pertaining to conflict of laws. THE PARTIES agree to waive all rights to a trial by jury and hereby agree to submit all disputes to binding arbitration, which shall be submitted and conducted by one arbitrator, the costs of which shall be equally shared among THE PARTIES. The parties agree that the arbitrator shall have authority to grant injunctive or other forms of equitable relief to any party. Any arbitration relating to a dispute under Section 5 of this Agreement shall be conducted in Boise, Idaho or within 10 miles of CONSULTANT'S principal place of business, Any arbitration relating to

> Section 2 shall be conducted in Delray Beach, Florida or within 10 miles of COMPANIES SCIENCE's principal place of business. Any arbitration relating to Sections 2 and 5 shall take place in Boise or Delray Beach, or within 10 miles of the principal place of business of whichever party first demands arbitration in writing pursuant to this Agreement. The prevailing party of any such arbitration or dispute shall be awarded all costs of arbitration including attorney's fees and travel costs. It is specifically understood and agreed that any party may enforce any award rendered pursuant to the arbitration provisions of this Section by bringing suit in any court of competent jurisdiction.

Dkt. 1-1, at 5-6.

The Ninth Circuit has explained that "[b]y agreeing to arbitration in [a specific state], [a party] indicate[s] its willingness to resolve disputes in [that state]. *Fireman's Fund Ins. Co. v. National Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996). *See also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) ("When a party agrees to arbitrate in a particular state, via explicit or implicit consent, the district courts of the agreed-upon state may exercise personal jurisdiction over the parties for the limited purpose of compelling arbitration."). While the Court does not need to decide whether Avior has consented to broad personal jurisdiction in Idaho by simply agreeing to arbitrate certain disputes here, it seems clear that Avior's agreement to arbitrate in Idaho at least allows Idaho courts to exercise personal jurisdiction over Avior in cases related to that arbitration agreement. Accordingly, Avior can be joined as a party in this case.

A Court has the authority to join a party *sua sponte* at any stage of the proceedings if it determines that the party is necessary to the litigation. *See McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984) (citing *Provident Tradesmens Bank & Trust Co. v.*

*Patterson*, 390 U.S. 102, 111 (1968)). The Court, therefore, immediately joins Avior Sciences, LLC to this action as a party defendant pursuant to Fed. R. Civ. P. 19(a)(2). Because the Court has decided to order the joinder of Avior, rather than dismissing the case, Defendants' First Motion to Dismiss is DENIED.

    2. *Second Motion to Dismiss*

In their Second Motion to Dismiss, Defendants contend that "there is no relief that Ventive seeks that would not be a collateral attack on the Florida court's order, and thus this Court should deny Ventive's motion [to appoint an arbitrator] and dismiss this case on the basis that it no longer has any jurisdiction." Dkt. 21, at 6. In subsequent filings, however, Defendants have joined in Ventive's request to appoint an arbitrator. While Defendants continue to claim the collateral attack doctrine applies, they ask the Court to determine whether the doctrine can be circumvented following Defendants' decision to join in Ventive's request. *See* Dkt. 28, at 2. Such a determination need not be made, however, because Ventive's request for the Court to appoint an arbitrator does not constitute a collateral attack.

"The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001) citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("We have made clear that it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.") (internal quotation marks

omitted) (alteration in original).

Here, Plaintiff's request for this Court to appoint an arbitrator is not a collateral attack because the Florida court did not appoint an arbitrator. In fact, the parties never asked the Florida court to make such an appointment until after that court closed the case. In denying a motion to reconsider, the Florida court explained:

> Nowhere in the Complaint is there a request for the appointment of an arbitrator . . . In fact, this Court closed the case in the Omnibus Order because no other claim for relief remained pending once arbitration had been compelled. . . . Plaintiff's own submissions recognize that when the Court issued its Omnibus Order, all pending matters had been ruled upon. . . . Put simply, there is nothing for the Court to reconsider as the relief Plaintiff now seeks was never sought in the first place. . . . Plaintiff is using a motion for reconsideration as a vehicle to seek relief that it could have requested but failed to request.

*CaringOnDemand, LLC v. Ventive LLC*, No. 18-cv-80211-BLOOM/Reinhart, 2018 WL 3474694, at *2 (S.D. Florida July 19, 2018).

Accordingly, the Florida court has not rendered a judgement regarding the appointment of an arbitrator, and was, in fact, never asked to do so. As such, the Motion to Appoint an Arbitrator pending before this Court raises no concerns of an impermissible collateral attack. Because Plaintiff's request is not a collateral attack, and because this Court has jurisdiction over the parties and their dispute, the Court finds good cause to DENY Defendants' Second Motion to Dismiss.

## IV. ORDER

The Court HEREBY ORDERS:

1. Avior Sciences, LLC is immediately joined as a party defendant pursuant to Fed.

MEMORANDUM DECISION AND ORDER- 8

R. Civ. P. 19(a)(2).

2. Defendants' First Motion to Dismiss (Dkt. 6) is DENIED.

3. Defendants' Second Motion to Dismiss (Dkt. 21) is DENIED.

DATED: September 26, 2018

_____
David C. Nye
U.S. District Court Judge