UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VENTIVE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CARING PEOPLE, LLC, a limited liability company organized under the laws of Florida, (now d/b/a HannaKaylie, LLC), CARINGONDEMAND, LLC, a limited liability company organized under the laws of Delaware, and AVIOR SCIENCES, LLC, a limited liability company organized under the laws of Delaware,<br><br>    Defendants. | Case No. 1:18-cv-00120-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Ventive, LLC's Motion to Appoint an Arbitrator. Dkt. 18. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address this motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court finds good cause to GRANT Plaintiff's Motion to Appoint an Arbitrator.

## II. BACKGROUND

This Court recounted the background of this dispute in its previous order staying the case. Dkt. 16, at 1-3. The Court now incorporates that background in full by reference. Since then, the United States District Court for the Southern District of Florida ("Florida court") issued an order in the Florida action compelling arbitration, but "decline[d] to decide the question of the appropriate forum for arbitration," and closed the case. *CaringOnDemand, LLC v. Ventive LLC*, No. 18-cv-80211-BLOOM/Reinhart, 2018 WL 3093543, at *3-5 (S.D. Florida June 22, 2018).

On June 27, 2018, Plaintiff filed a Motion to Lift the Stay imposed in the Idaho action, and to Appoint an Arbitrator. Dkt. 18. This Court lifted the stay on June 28, 2018, but did not rule on the Motion to Appoint an Arbitrator. *See* Dkt. 19. On July 6, 2018, Defendants Caring People, LLC, and CaringOnDemand, LLC filed their Second Motion to Dismiss the Idaho action, arguing that the collateral attack doctrine bars any relief Plaintiff seeks, including the appointment of an arbitrator, and therefore this Court lacks jurisdiction over the dispute. However, in subsequent filings, Defendants reversed their position and joined Plaintiff's request for this Court to appoint an arbitrator. Dkt. 24, at 4 ("Notwithstanding the Collateral Attack Rule, Defendants Join in the Pending Request for Appointment of an Arbitrator . . . Because of the practical realities arising from the Florida court's refusal to act, Defendants will join with Ventive in this request."). (capitalization in original). The Court ultimately denied Defendants' Second Motion to Dismiss, and joined Avior Sciences, LLC as a party defendant in this case. Dkt. 29, at 8-9.

# III. ANALYSIS

Defendants raised only one argument in opposition to Ventive's Motion to Appoint an Arbitrator—that it was an impermissible collateral attack. The Court has already rejected this argument and explained that the collateral attack doctrine does not apply. Dkt. 29, at 7. Additionally, Defendants have since joined Plaintiff's request for this Court to appoint an arbitrator. Accordingly, the Court GRANTS Plaintiff's Motion to Appoint an Arbitrator.

Such an appointment is governed by Section 9 of the Federal Arbitration Act, 9 U.S.C. § 5, which states:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

The arbitration clause at issue in this case states:

> This Agreement will be construed in accordance with the laws of Florida as applied to a contract to be fully performed therein and without reference to laws pertaining to conflict of laws. THE PARTIES agree to waive all rights to a trial by jury and hereby agree to submit all disputes to binding arbitration, which shall be submitted and conducted by one arbitrator, the costs of which shall be equally shared among THE PARTIES. The parties agree that the arbitrator shall have authority to grant injunctive or other forms of equitable relief to any party. Any arbitration relating to a dispute under Section 5 of this Agreement shall be conducted in Boise, Idaho or within 10 miles of CONSULTANT'S principal place of business, Any arbitration relating to Section 2 shall be conducted in Delray Beach, Florida

> or within 10 miles of COMPANIES SCIENCE's principal place of
> business. Any arbitration relating to Sections 2 and 5 shall take place in
> Boise or Delray Beach, or within 10 miles of the principal place of business
> of whichever party first demands arbitration in writing pursuant to this
> Agreement. The prevailing party of any such arbitration or dispute shall be
> awarded all costs of arbitration including attorney's fees and travel costs. It
> is specifically understood and agreed that any party may enforce any award
> rendered pursuant to the arbitration provisions of this Section by bringing
> suit in any court of competent jurisdiction.

Dkt. 1-1, at 5-6.

The arbitration agreement provision does not provide a method of naming an arbitrator. It simply requires that one arbitrator conduct the proceedings. The parties have been unable to agree on an arbitrator, and now ask the Court to make an appointment instead. Rather than doing so immediately, the Court deems it appropriate to receive input from the parties, as set forth in the order below.

## IV. ORDER

The Court HEREBY ORDERS:

1. Plaintiff's Motion to Appoint an Arbitrator (Dkt. 18) is GRANTED.

2. Within two weeks of entry of this Order, the parties must submit a joint list of no more than three potential arbitrators, with information regarding each potential arbitrators' qualifications. If the parties are unable to reach mutual agreement, Plaintiff must submit a list of two proposed arbitrators, and Defendants (collectively) must submit a list of two proposed arbitrators. When choosing potential arbitrators, the parties must take into consideration the arbitrators'

ORDER - 4

availability to initiate and complete the arbitration within a reasonable time.

DATED: October 12, 2018

David C. Nye
U.S. District Court Judge